ITHAMAR CONKEY, Judge, &c. *vs.* AARON DICKINSON & others.

When the same person is executor of a will and guardian of a minor to whom a legacy is given by the will, he holds the amount of the legacy in his capacity of executor, and not as guardian, until he settles an account of his administration, in the probate court, crediting himself, as executor, with the legacy, and charging himself therewith, as guardian: Until such account is allowed by a decree of the probate court, an action cannot be maintained against him and his sureties on his guardianship bond, for neglect to pay the legacy; but an action may be main tained against him and his sureties on the bond given by him as executor.

THIS was an action of debt on a bond, dated September 1st 1834, given to the judge of probate for the county of Hampshire, by Aaron Dickinson, guardian of Medad D. Smith, a minor, and by the other defendants, as sureties for said Aaron, in the penal sum of $2000, conditioned (in the form usually adopted at that date) for the faithful performance, by the said Aaron, of the duties by law required of him, as such guardian.

The action was brought, on the 6th of September 1846, by leave of the judge of probate, for the benefit of said Medad D. Smith, and the following breaches of the condition of the bond were set forth in the declaration: 1st. That although said guardian, after his appointment, became entitled to collect and receive from the estate of Sally S. Dickinson, deceased, a large sum of money, to wit $600, due to him as guardian, yet he did not collect and receive the sum, but neglected so to do.  2d. That said guardian never made and returned a true and perfect inventory of the property of the said Medad D. Smith.   3d. That although said guardian, in the year 1845, had been lawfully required, by the judge of probate, to render a plain and true account of his guardianship, upon oath, and of the property which came to his hands by virtue of his said guardianship, yet he then did not, and never since has, rendered such account, nor any account of his said guardianship.   4th. That although said Medad D. Smith became twenty one years old in the year 1843, and the said guardian has received large sums (amounting in all to

$2000) in his capacity as guardian, yet he, though requested, had never paid the same, on any part thereof, to the said Medad.

The parties submitted the case to the court upon an agreed statement of facts, in substance as follows:   The said Aaron Dickinson, in 1834, was duly appointed guardian of said Medad D. Smith, who was then twelve years old, and who came of age in 1843.   The bond declared on was duly executed by the defendants.   In 1839, while the guardianship duties of said Aaron continued, Sally S. Dickinson died, leaving a will, in which, after certain legacies to divers persons, said Medad D. Smith, the ward, was made residuary legatee, and said Aaron Dickinson was made executor of said will, which was duly proved and allowed.   Letters testamentary were issued to said Aaron, and he gave bond for the faithful discharge of his duties as such executor.   On the first Tuesday of July 1840, said executor returned his first and only account, as executor of said will, from which there appeared to be a balance in his hands, as executor, of $451·50. After this action was commenced, to wit, on the 25th of September 1846, said Aaron filed his account of guardianship, in which he did not charge himself with said legacy, and a hearing and examination of the guardian were had, and the judge of probate passed a decree thereon, from which said guardian appealed.   At this hearing and examination, Sylvester Maxwell Esq. testified in substance as follows:   That he, as attorney of said Medad D., called on said Aaron, in the spring of 1845, for payment of what was due from him to said Medad D., and for his account; that said Aaron, soon after, presented to the witness a paper, as his account of guardianship, in which he charged himself with the legacy given by Sally S. Dickinson to said Medad D., amounting to $365·64, and interest thereon for five years, $109·65.  These sums, with other items of credit to said Medad D., in this account, amounted to $1275·93, and the charges against him were $624·68; leaving a balance against said Aaron of $651·25:   That the witness and said Aaron compared this

account with one which the said Medad D. had made out, in which said Aaron was charged with said legacy, as $424·00, and in which the balance against said Aaron was $722·36 : That said Aaron, on looking at this account, made out by said Medad D., said it was correct, as taken from his (said Aaron's) book :    That the witness drew off the said account, in proper form, and said Aaron afterwards looked at it, and signed it, as guardian, and took it away for the purpose of presenting it to the probate court, without suggesting that he held the funds as executor, and not as guardian.

The said Aaron, upon his examination, on oath, before the judge of probate, stated that he applied the money which was left by Sally S. Dickinson to said Medad D. Smith. towards payment for a farm which he purchased for himself.

*Davis,* for the plaintiff.

*Huntington,* for the defendants.

WILDE, J.    The question is, whether Aaron Dickinson, who is executor of the last will and testament of Sally S. Dickinson, and guardian of Medad D. Smith, the plaintiff in interest in this suit, which is brought in the name of the judge of probate, is answerable, as executor or as guardian, for a legacy left by the said last will to the said plaintiff in interest.    This question has been elaborately argued by counsel ; but, in the judgment of the court, it is very clear, that the executor is liable for the payment of the legacy, and that nothing appears in the case which by law discharges him from this liability.    And it is equally clear that he is not liable in both capacities.    To him it is immaterial whether he is to be charged as executor or as guardian ; but to his sureties in his bonds the question is important.    And we consider the law to be well settled, that if a legacy is given by will, and the same person is executor and trustee or guardian for the legatee, he is bound to account for the legacy, as executor, if he has sufficient assets, unless he has rendered an account in the probate office, charging himself as trustee or guardian, and that account has been allowed by the probate court.    The law was so laid down and settled in *Hall* v. *Cushing,* 9 Pick

5 *

395, 409. That case, it is true, did not necessarily require a decision on that point; but it was supposed that it would become important on a hearing in chancery, and it was therefore argued by counsel, and the question was decided, after full deliberation; and we see no cause to doubt the correctness of the decision.

It was argued, in the present case, for the legatee, that the guardian is to be held liable to account for the legacy, because it was included in a paper intended to be his account of guardianship. This intention is denied by the guardian; but we do not consider the fact material. There could be no transmutation of the assets, until the account was allowed by the probate court, so as to charge the guardianship sureties. If such an account had been rendered, it may well be doubted if it ought to be allowed, unless the guardian would give a new bond. If his sureties on his bond as executor were liable, it was not competent for him to transfer that liability to his sureties on the guardianship bond. And it seems clear that the former sureties were liable. The executor had a right to retain the assets for four years; (Rev. Sts. *c.* 66, § 3;) and while he thus held them he appropriated them to his own use, which certainly made him, and his sureties on his bond as executor, liable. The assets have never been in the possession of the guardian, and this was caused by the misapplication of them by the executor. Nor are we aware of any means by which the guardian, as such, could have obtained possession. He could not sue himself, and he is not chargeable on the ground that an executor or administrator is chargeable for a private debt which he owes the estate. That principle is grounded on the necessity of the case, and no such necessity exists in the present instance. The legatee might have proceeded against the executor and his sureties, and there seems to be no necessity nor reason for proceeding against the sureties of the guardian.

*Plaintiff nonsuit.*